(33 Misc. Rep. 182.)

### WALDRON v. BECKER et al.

(Supreme Court, Trial Term, Montgomery County. November, 1900.)

1. BANKRUPTCY—INSURANCE POLICIES—ASSIGNMENT—INTEREST OF TRUSTEE.

　A bankrupt having four life insurance policies, providing that, on death of the beneficiary before insured, the insurance should be payable at maturity to the representatives of the insured, and that, if insured should not die within a tontine period, the whole amount should be payable at the end of that time, assigned one policy to his wife, with a provision that, if the assignee should die before the policy came due, the proceeds should be paid to assured's executors or assigns, and another policy was assigned to the wife, on provision that, if insured should be living at the expira-tion of the tontine period, the assignment should cease. Both policies were pledged by the wife with a creditor. *Held*, that the bankrupt had an interest in the policies, subject to the lien of his wife and the creditor for premiums which they may have paid, and for the indebtedness of the creditor, which interest passed to the trustee in bankruptcy.

2. SAME—WIFE'S INTEREST.

　Laws 1840, c. 80, declares it shall be lawful for any married woman to cause her husband's life to be insured in her favor, and that such insur-ance shall be free from the claims of his creditors when the annual pre-mium does not exceed $300. *Held*, that where a bankrupt, having four policies on his life, assigned two of them to his wife, a decree that his trustee in bankruptcy had an interest in the policies, subject to pre-miums paid by the wife and the sum due the creditor with whom they were pledged, was not in conflict with the statute, other insurance having been reserved to the wife, on which the annual premium was substan-tially $500, and the contracts of insurance and the assignments having reserved certain rights to the bankrupt.

3. SAME.

　Where it was determined that the trustee of a bankrupt had an interest in policies on the life of the bankrupt, the amount the trustee should receive, or in what way he should treat the interest of the bankrupt in the policies, either by sale or postponement of action, until the policies should become due, were questions to be determined by the bankruptcy court.

Action by H. B. Waldron, as trustee, against Frances H. Becker and others to set aside the transfer of certain property by a bankrupt, and obtain a decree as to his rights in certain insurance policies. Rights of the parties determined, and ordered accordingly.

H. V. Borst, for plaintiff.
White & Ferguson, for defendants.

HOUGHTON, J. The plaintiff is trustee in bankruptcy of Charles W. Becker. The action is brought to set aside the transfer of certain property by the bankrupt, and to obtain an adjudication as to his ownership of certain property, and also to obtain a decree as to his rights in certain insurance policies. At the close of the trial, an opinion was dictated by the court, deciding upon the facts that the mill, machinery, and stock claimed by the plaintiff to belong to the bankrupt, as well as certain moneys and certain insurance policies, belonged to Frances H. Becker, and not to Charles W. Becker, the bankrupt. In addition to the questions thus disposed of, there remained for determination the rights of the parties in four life insurance policies issued upon the life of Charles W. Becker by the Northwestern Mutual Life Insurance Company. The first of these was issued September 16, 1881, for $2,000, and was payable to his wife, defendant Frances H. Becker. The second was issued the 4th day of October, 1882, for a like amount, payable in like manner. Each of the policies contained this clause: "In case of the death of the said beneficiary before or at the time of the death of the person whose life is insured, the amount of the insurance shall be payable at maturity to the executors, administrators, or assigns of said person whose life is insured." The policies further provide that, "in case the insured shall not die within the period of twenty years from the date of the policy, the whole amount shall be payable at the end of that time." The third policy was issued on the 11th day of August, 1884, for the sum of $2,000, payable to the insured upon death, with a 20-year tontine feature, which allowed the policy to participate in certain earnings, and among which conditions was one that the policy should have, at the end of said period, a cash value of $883.40, in addition to such surplus as might be earned. This policy was assigned by the insured to his wife, December 10, 1894, and on the following day was assigned by her and the insured to the defendant Wendell, as collateral security for the payment of the sum of $4,600. The assignment from the assured to his wife contained the following clause: "In the event of the death of said assignee before the policy becomes due, then, in that case, the proceeds thereof shall be payable, when due, to my executors, administrators, and assigns." The remaining policy was issued on the 21st day of January, 1889, for $5,000, payable to the insured at his death within 20 years, and, if he should survive, to him at the end of said period. On the 21st of January, 1889, the insured assigned this policy to his wife, the assignment, however, containing this provision:

"Provided, however, and this assignment is upon the express condition, that if the said Charles W. Becker, the person whose life is insured in said policy, shall be living at the expiration of the tontine period named in said policy,

then this assignment shall thereupon cease and determine, and all interest therein shall thereupon revert to, and absolutely vest in, the said Charles W. Becker; the intent of this instrument being to grant to said assignee the proceeds of said policy only in the event of the decease of said Charles W. Becker before the expiration of the tontine dividend period therein named."

The assignment further provides that, "in case of the death of the said assignee before the policy becomes due and before the expiration of the tontine period, then it should be payable to the insured, or his executors, administrators, or assigns." The insured and said Frances H. Becker, on the 12th of March, 1895, assigned said policy as collateral security to defendant Wendell.

I think it must be held that Charles W. Becker has some interest in these policies; and subject to the equitable lien of his wife and Wendell for premiums which they may have paid, and the indebtedness of Wendell for which they may have been pledged, such an interest as passes to the trustee, to be distributed among the creditors of the bankrupt. The peculiar provisions of the policies and the terms of the assignments give the insured certain rights under certain circumstances which are available, and property within the meaning of the law.

If chapter 80 of the Laws of 1840 shall be said to apply, then full force has been given to that law by reserving to the wife by this decision other insurance, upon which the annual premiums are substantially $500. But the insured has not procured the issuing or made the assignment of the policies in question to his wife for her sole use, as provided in said law; but by his contracts with the company, or by his assignments to her, has reserved to himself certain rights which were property in his hands at the time of the filing of his petition in bankruptcy. The policy of insurance considered in Re Diack, 3 Am. Bankr. Rep. 723, 100 Fed. 770, was similar to some of those under consideration, and the principle there enunciated is applicable to all. In the well-considered opinion by Judge Brown, he held that the bankrupt had some interest in the policy which passed to his trustee, subject to any equities which might be existing against him. This case is followed in Re Boardman, 4 Am. Bankr. Rep. 620, 103 Fed. 783, and the bankruptcy decisions, holding a contrary doctrine, are repudiated.

The defendant Frances H. Becker has such proportional rights in all of the policies as the amount of the premiums paid by her bear to all the premiums paid upon the various policies. The defendant Wendell has the same rights with respect to premiums paid by him, and also a lien for any loans which he may have made for which the policies were assigned as collateral security. What amount the trustee shall ultimately receive, or in what way he shall treat the interest of the bankrupt in the various policies, either by sale or by postponement of action until the policies shall become due, are questions to be determined by the bankruptcy court. If counsel should be advised that the amount of premiums paid by the bankrupt and defendants Becker and Wendell and the amount of the indebtedness for which the policies are pledged as security should be incorporated in the judgment in this action, facts may be agreed

upon, or a reference had to take the proof and report to this court before entry of judgment.

Ordered accordingly.